UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY FLEISSNER,

    Plaintiff,

v.                                          CASE NO. 8:14-cv-2791-T-23TBM

STATE OF FLORIDA, *et al.*,

    Defendants.
_____/

**O R D E R**

Fleissner moves for a "Declaratory Judgment" (Doc. 1) but with neither an underlying civil rights complaint nor a habeas application. Fleissner complains that he was convicted based on an information that was invalid under state law. Fleissner neither moves for leave to proceed *in forma pauperis* nor submits a filing fee. Because he proceeds *pro se*, Fleissner's paper receives a generous interpretation. *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*). Nevertheless, Fleissner's action lacks merit.

The Prisoner Litigation Reform Act requires dismissal of a prisoner's action if the action "is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915A(b). Although he requests only declaratory relief, Fleissner's action is subject to *sua sponte* dismissal because his claim challenges the validity of a conviction. Consequently, Fleissner's application "is governed by § 2254

because Appellant is 'in custody pursuant to the judgment of a State court.'" *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003), *cert. denied*, 541 U.S. 1032 (2004).

According to the website for the Florida Department of Corrections, Fleissner is confined based on the same 2011 conviction from Sarasota County (2009-CF-008333) that he seeks to challenge in this action. According to the website for the Second District Court of Appeal, Fleissner's direct appeal (2D11-2125) concluded in 2012. Consequently, Fleissner's federal one-year limitation expired in 2013 and he is now time-barred from challenging his conviction under Section 2254. *See Lackawanna County District Attorney v. Coss*, 532 U.S. 398, 403 (2001) ("[W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid."). Fleissner forfeited his opportunity to challenge the validity of the charging information by not asserting that issue in a timely application under Section 2254.

Additionally, Fleissner cannot challenge the validity of his conviction in a civil rights action. When a state prisoner challenges the fact or duration of his confinement, a writ of habeas corpus is his exclusive federal remedy. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). This long-standing principle was affirmed in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis original).

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

> conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence;  if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

To summarize, Fleissner contends that the state court had no jurisdiction because the information was invalid.  A plaintiff's "contention that the state courts lacked jurisdiction over his criminal proceedings would necessarily imply the invalidity of his criminal conviction, and § 1983 therefore [is] not an appropriate vehicle for his argument."  *Waterfield v. Laboda*, 518 Fed. App'x 667 (11th Cir.),[*] *cert. denied*, 134 S. Ct. 639 (2013),

Accordingly, this action is **DISMISSED**.  The clerk must enter a judgment against Fleissner and close this case.

ORDERED in Tampa, Florida, on November 17, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. Rule 36-2.